The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modifications concerning plaintiff's permanent partial disability compensation and compensation for medical expenses.
Plaintiff's motion to re-open the record in order to take the deposition of Dr. Eddie Powell is DENIED.
* * * * * * * * * * *
There is a Form 21 Agreement in the file which was approved by the Industrial Commission and is a part of the record. In accordance with that agreement the parties stipulated that plaintiff sustained an injury by accident on 2 March 1992 while working for defendant-employer. Thereafter, plaintiff was paid temporary total disability at her compensation rate of $133.34 from 22 April 1992 until approval of a Form 24 by the Industrial Commission on 9 June 1993.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a thirty-seven year old female with a ninth grade education who worked as a maid for several employers prior to going to work for defendant-employer.
2. Plaintiff injured her right wrist on 2 March 1992 while attempting to lift a tub of screws. Plaintiff came under the care of Dr. Victor Keranen, a neurosurgeon, who diagnosed carpal tunnel syndrome in plaintiff's right wrist and subsequently performed carpal tunnel release surgery on plaintiff's right hand. Dr. Keranen continued to treat plaintiff for several months after her release surgery, during which time plaintiff made various complaints and reported various symptoms that Dr. Keranen could not substantiate with any objective findings.
3. Plaintiff was subsequently referred for a second opinion regarding the carpal tunnel syndrome in her right wrist to Dr. George Edwards, Jr., a hand specialist in Raleigh. Dr. Edwards examined plaintiff on 4 March 1993 and noted that plaintiff's physical examination was indicative of symptom magnification and poor effort. Dr. Edwards noted that plaintiff's grip strength would increase dramatically when tested with the rapid alternating method, indicating symptom exaggeration. Dr. Edwards testified that plaintiff would not report pain or tenderness upon examination when her attention was diverted, but that she would report pain and tenderness once she realized what Dr. Edwards was doing. Dr. Edwards found no evidence of residual carpal tunnel syndrome but released plaintiff with a 6% permanent functional impairment to her right hand.
4. At the request of Dr. Edwards, plaintiff was referred to Dr. Inad B. Atassi for an evaluation of her cervical spine. Dr. Atassi examined plaintiff on 7 April 1993 and reported that plaintiff's physical examination was normal. Dr. Atassi ordered several tests, including a repeat MRI and a discogram, both of which indicated that there was no significant disc herniation involved, and that there was no nerve root impingement. Dr. Atassi released plaintiff to return to work on 17 May 1993 with a 5% permanent functional impairment to her back.
5. Plaintiff reached maximum medical improvement on 1 December 1992.
6. On 1 December 1992 plaintiff regained the capacity to earn the same wages she was earning at the time of her injury in the same or any other employment and therefore was no longer disabled. Plaintiff has not returned to work or looked for work since 1 December 1992.
7. Plaintiff's average weekly wage at the time of her injury was $200.00, which yields a compensation rate of $133.34 per week.
* * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 2 March, 1992, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer when she attempted to lift a tub of screws. N.C.G.S. 97-2 (6).
2. As a result of the compensable injury, plaintiff was temporarily totally disabled and entitled to receive temporary total disability compensation at the rate of $133.34 per week from 22 April 1992 until 1 December 1992. N.C.G.S. 97-29. This amount has already been paid by defendant.
3. Plaintiff regained the capacity to earn the same wages she was earning at the time of her injury in the same or any other employment on 1 December 1992. Plaintiff has not made any efforts to find suitable employment since being released to return to work on 1 December 1992. Plaintiff is therefore not entitled to further benefits under N.C.G.S. § 97-29 or N.C.G.S. § 97-30.Russell v. Lowes, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
4. Plaintiff is entitled to compensation at the rate of $133.34 per week for 15 weeks for the 5% permanent partial disability plaintiff sustained to her back as a result of this injury by accident. N.C.G.S. 97-31 (23).
5. Plaintiff is entitled to compensation at the rate of $133.34 per week for 12 weeks for the 6% permanent partial disability plaintiff sustained to her right hand as a result of this injury by accident. N.C.G.S. 97-31 (12).
6. Defendant is entitled to a credit for the temporary total disability compensation paid plaintiff from 2 December 1992 until the Industrial Commission approval of the Form 24 on 9 June 1993.
7. Plaintiff is entitled to payment by defendant-employer of all medical expenses incurred or to be incurred as a result of this injury by accident. N.C.G.S. 97-2 (19); 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Due to the overpayment of temporary total disability compensation by defendants, plaintiff is entitled to no further compensation for the permanent partial disability to her back.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. Defendants shall pay the costs due this Commission.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ J. RANDOLPH WARD COMMISSIONER